

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

December 8, 2025

**Via ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

Application GRANTED on consent.  The initial pretrial conference previously scheduled for December 17, 2025 is hereby ADJOURNED sine die.  The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

December 8, 2025

Re:  *Mooney v. N.Y. State Education Dep't, et al.*, No. 1:25-cv-06244-JMF

Dear Judge Furman:

This Office represents the Defendants in the above-referenced matter. We write to request that the December 17, 2025 initial pretrial conference (*see* October 21, 2025 Order, ECF No. 16) be adjourned *sine die*, including the requirement to submit a Joint Letter and Civil Case Management Plan and Scheduling Order by December 11, 2025, the Thursday of the week prior to the initial pretrial conference (*see* Notice of Initial Pretrial Conference, ECF No. 3), and that discovery in this action be stayed pending disposition of Defendants' forthcoming motion to dismiss to be filed on or before December 12, 2025 (the "Putative Motion"). Plaintiff consents to this request.

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)," including where a party raises "substantial arguments" for dismissal. *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In evaluating a potential stay, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (alterations adopted and citation omitted).

As will be shown in more detail in the Putative Motion, all of Plaintiff's claims are subject to dismissal.[1] *First*, all of Plaintiff's retaliation claims premised on discipline imposed on him by Defendants fail because Plaintiff already made this argument in a prior arbitration, and lost, with the arbitrator finding there was just cause for the charges levied against Plaintiff by Defendants and rejecting Plaintiff's arguments that his discipline was the result of retaliation. *Second*,

---

[1] Plaintiff asserts claims for discrimination (based on Defendants' alleged failure to accommodate his disability) and retaliation under the Rehabilitation Act against Defendant New York State Education Department (Counts I and II), discrimination and retaliation under the Americans with Disabilities Act against Defendant Rosa (Count III), and aiding-and-abetting violations of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") (Counts IV and V, respectively), premised on the same underlying facts as his federal claims, against Defendants Kirnon, Discala, and Walton.

Plaintiff's failure-to-accommodate claims under federal law fail because Plaintiff was provided with numerous accommodations that complied with Circuit precedent and EEOC guidance, including sign language interpreters for meetings, trainings, and other conversations at work, and video remote interpreting tools, that were sufficient and reasonable accommodations as a matter of law. *Third*, Plaintiff's state law claims fail because no underlying violation was sufficiently alleged to sustain an aiding and abetting claim, even under the more lenient standards of the NYSHRL and NYCHRL.

Here, a stay of discovery is warranted because Defendants' Putative Motion "is potentially dispositive, and … not unfounded in the law." *See Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023); *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *2 (S.D.N.Y. Oct, 17, 2023) (granting stay of discovery where "the viability of [plaintiff's] claims [was] in at least some doubt" and defendant's motion was "not unfounded in law"); *Press v. Primavera*, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) ("Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay."); *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (same).

Even if the anticipated motion to dismiss does not ultimately dispose of the entire complaint, disposition of the motion will likely narrow or clarify the issues in the case, diminishing any future discovery burden. *See Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) (finding that "because the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." (internal quotations omitted)); *Contracto Ltd. v. Fast Search & Transfer Intern., AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) ("the procedural posture of [the] action supports a stay given the case is newly filed, no party has served any initial disclosures or discovery demands and therefore a stay would not disrupt the progress of ongoing discovery matter.").

Further, this action was filed on July 29, 2025, less than five months ago, and was not served on Defendants until October 3, approximately two months ago, so a brief stay of discovery pending disposition of the Putative Motion will not prejudice Plaintiff. *See, e.g.*, *Del Mar TIC I*, 2024 WL 1348501, at *2 (finding no prejudice where "Plaintiffs filed this case only about six months ago"); *Primavera*, 2022 WL 17736916, at *2 (finding that "further delay" would not "significantly prejudice Plaintiff" where action had "been proceeding for over a year without discovery"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[W]ith the viability of the [] Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). And while no discovery requests have yet been served, the Complaint contains broad allegations concerning Plaintiff's job duties, performance, requests for accommodations, accommodations granted to him, and the actions of multiple Defendants and other personnel which could implicate significant discovery—efforts that would "result in a waste of resources" should the Putative Motion be granted. *See Conte v. Tapps Supermarket, Inc.*, 2022 WL 4539267, at *9 (E.D.N.Y. Sept. 28, 2022) (granting stay pending motion to dismiss even where "the likely volume of discovery in this case does not appear extraordinary").

Hon. Jesse M. Furman                                                                Page 3 of 3
December 8, 2025

Instead, proceeding with discovery would place a substantial burden on Defendants, especially since the effort required will be rendered unnecessary in the event that their motion to dismiss is granted and Plaintiff's claims are dismissed. *See Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("[B]ecause the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is granted, until resolution of the motion to dismiss."). Such a waste of resources is particularly problematic where, as here, a defendant is a public entity because it "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery pending resolution of motion to dismiss where "[s]everal of the defendants are municipal entities who provide public services in the areas of public education and civil service employment"); *see also U.S. v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time."); *Nat'l Rifle Ass'n of Am. v. Cuomo*, 2020 WL 7338588, at *5-6 (N.D.N.Y. Dec. 14, 2020) (issuing stay of discovery pending resolution of motion to dismiss because, *inter alia*, "the public also has a significant interest in reducing the costs of the litigation borne by the State defendants as well as an interest in protecting public officials from groundless litigation as it discourages these officials from vigorously and fearlessly performing their duties, thus distorting the proper functioning of the legal system and disserving the broader public interest" (citations and internal quotations omitted)).

Accordingly, given the strength of the arguments for dismissal, the burden of the potential discovery in this action, and the lack of prejudice to Plaintiff, there is good cause to stay discovery pending resolution of the Putative Motion.

In accordance with Rule 2(D) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff consents to this request. One previous request for an adjournment was made (ECF No. 15), which was granted on October 21, 2025 (ECF No. 16).

Accordingly, Defendants respectfully request that the Court stay discovery pending the disposition of the Putative Motion and adjourn the December 17, 2025 initial pretrial conference *sine die*.

Thank you for your attention to these matters.

Respectfully submitted,

*/s/ Jacob Lewis*
JACOB LEWIS
Assistant Attorney General
212-416-8539
Jacob.Lewis@ag.ny.gov

cc:     All counsel of record (*via* ECF)